IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| EARMA L. PERSON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 14-cv-2788-JDT-tmp |
| OFFICER ASHLEY ROACH, | ) |
| LAUDERDALE COUNTY, TENNESSEE, | ) |
| THE CITY OF RIPLEY, CIRCUIT | ) |
| COURT CLERK RICHARD JENNINGS, | ) |
| OFFICER INVESTIGATOR CLAY | ) |
| NEWMAN, PAT LANE, and BANK OF | ) |
| RIPLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court are the following motions to dismiss: the motion to dismiss filed by defendant Ashley Roach on October 30, 2014 (ECF No. 13); the motion to dismiss filed by defendants Lauderdale County, Richard Jennings, and Clay Newman on November 3, 2014 (ECF No. 15); the motion to dismiss filed by defendant Bank of Ripley ("the Bank") on November 6, 2014 (ECF No. 18); and the motion to dismiss filed by defendant City of Ripley ("the City") on November 11, 2014 (ECF No. 19). Plaintiff Earma L. Person filed her response in opposition on January 5, 2015.[1] (ECF No. 31.) The

---

[1] Person filed her complaint *pro se* on October 10, 2014. (ECF No. 1.) Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management

City and the Bank filed replies on January 20 and 22, 2015. (ECF Nos. 32, 33.)

## I. PROPOSED FINDINGS OF FACT

According to the complaint, on October 12, 2012, Tennessee State Trooper Ashley Roach stopped Person for driving with expired tags. (ECF No. 1, Compl. ¶¶ 9-11). During the traffic stop, Trooper Roach determined that Person's driver's license had been canceled due to non-payment of fees. (Compl. ¶¶ 12-14). Trooper Roach told Person that she could not drive the vehicle because of the canceled license and instructed her to have someone pick her up. (Compl. ¶ 16). Trooper Roach then discovered that there was an active warrant for Person's arrest and arrested Person on the warrant. (Compl. ¶¶ 28-30.) Person alleges that the warrant was based on an incident that took place in 2008. (Compl. ¶ 40.) At that time, an employee of the Bank, Pat Lane, allegedly filed a false police report for theft against her, which led to the issuance of the warrant. (Compl. ¶¶ 40, 52.) According to Person, Lane falsely alleged that Person stole rims and tires from a vehicle the Bank repossessed from her. (Compl. ¶¶ 53, 59.) The case against Person was dismissed *nolle prosequi* on February 28, 2013. (Compl. ¶¶ 66-71.)

---

and for all pretrial matters for determination and/or report and recommendation as appropriate. On December 29, 2014, attorney Gerald Green filed a notice of appearance on behalf of Person. (ECF No. 28.)

-2-

Person brings this action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Person alleges that "[a]s a proximate and direct result of the actions of defendants herein, Person's rights Fourth, Fifth, Sixth, Seventh and Eighth, Ninth, and Fourteenth Amendment Rights were knowingly violated in direct violation of clearly established Federal law." (Compl. ¶ 72.) Person further alleges that "[a]ll of the Defendants, at all times related herein, acted wantonly, recklessly, willfully and maliciously, and 'in concert' with additional city/state officials showing a deliberate indifference towards Person and Person's rights protected, and guaranteed, by the Constitution, with the direct intent and sole purpose of injuring, humiliating, vexing, oppressing, and causing mental anguish to Person." (Compl. ¶ 74.) Person seeks compensatory and punitive damages.

## II. PROPOSED CONCLUSION OF LAW

### A. Standard of Review

To survive a motion to dismiss, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" Tackett v. M&G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). In determining whether the plausibility standard is satisfied, the court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)). Nevertheless, a court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Id.

**B. Person's § 1983 Claims**

1. Statute of Limitations

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege she was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of state law. Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155 (1978); Chatman v. Slagle, 107 F.3d 380, 384 (6th Cir. 1997); Brock v. McWherter, 94 F.3d 242, 244 (6th Cir.

1996); O'Brien v. City of Grand Rapids, 23 F.3d 990, 995 (6th Cir. 1994); Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir. 1991). For purposes of § 1983, the state statutes of limitation and tolling principles apply to determine the timeliness of the claims asserted, Wilson v. Garcia, 471 U.S. 261, 268-69 (1985), as neither the United States Constitution nor the federal statutes enacted by Congress expressly provide a statute of limitations for claims arising under § 1983. Harris v. United States, 422 F.3d 322, 331 (6th Cir. 2005). Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. Tenn. Code Ann. § 28-3-104(a)(3); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). In § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. Kelly v. Burks, 415 F.3d 558, 561 (6th Cir. 2005); Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991) ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.").

According to the allegations in the complaint, Person's claims stem from the March 11, 2008 issuance of a warrant for her arrest,

-5-

her October 12, 2012 arrest and booking at the Lauderdale County jail, and the dismissal of her criminal charge on February 28, 2013. Regardless of which of these events Person claims as the source of her injuries, at the latest she was required to file suit by February 28, 2014. The complaint was filed on October 10, 2014. Therefore, the court concludes that Person's § 1983 claims are time-barred.

In her response in opposition, Person argues that "[t]here has been no opportunity for the court to consider any exception(s) or tolling of the one year statute of limitations for 1983 civil rights actions in Tennessee." (ECF No. 31, at 4.) "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560–61 (6th Cir. 2000)). The doctrine of equitable tolling "is used sparingly by federal courts" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." Robertson, 624 F.3d at 784. The Sixth Circuit has adopted a test for analyzing equitable tolling claims. The factors to be considered are "'(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of

prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.'" Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005) (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). "[T]hese factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'" Id. (quoting King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004)). Person has not provided the court with any facts, either in her complaint or her response in opposition to the motions to dismiss, that indicate that equitable tolling could or should apply in this case to save her time-barred § 1983 claims. It is therefore recommended that her § 1983 claims against every defendant be dismissed.

2. State Action

Furthermore, as to Person's § 1983 claim against the Bank, the complaint contains no allegations that the Bank or any of its employees took any actions against Person under color of state law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer, 98 F.3d at 231–32. Because the Bank is a purely private party, Person cannot bring a § 1983 claim against it.[2]

---

[2] Defendant Lane has not filed a motion to dismiss, and it is unclear whether Lane has been served. However, for the same reasons that the complaint fails to state a cause of action against

-7-

**C.   Person's §§ 1985, 1986, and 1988 Claims**

   1.   Claims Under § 1985

The complaint also does not assert a valid claim under 42 U.S.C. § 1985, which prohibits conspiracies to deprive persons of certain civil rights on account of their membership in a protected class.  Although the complaint does not specify which of the three subsections of § 1985 is at issue, Person presumably is relying on 42 U.S.C. § 1985(3), which prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999); see also Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir. 2007).  Construed liberally, Person's complaint does not allege that the defendants were motivated by racial, or other class-based, discriminatory animus.  Accordingly, it is

---

the Bank, the complaint likewise fails to state a cause of action against Lane.  It is recommended than all claims against Lane be dismissed.

recommended that any claim under 42 U.S.C. § 1985 be dismissed for failure to state a claim. See Walker v. JP Morgan Chase Bank, N.A., et al., No. 13-2100-JDT-dkv, 2013 WL 2151713, at *7 (W.D. Tenn. May 16, 2013).

    2.    Claims Under § 1986

As Person has no viable claim under 42 U.S.C. § 1985, she also has no claim under 42 U.S.C. § 1986. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." Radvansky v. City of Olmstead Falls, 395 F.3d 291, 314 (6th Cir. 2005) (internal quotation marks omitted). Because the complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986. Id. at 315; Bass, 167 F.3d at 1051 n.5. Accordingly, it is recommended that any claim under 42 U.S.C. § 1986 be dismissed for failure to state a claim. See Walker, 2013 WL 2151713, at *7.

    3.    Claims Under § 1988

The other federal statute cited by Person, 42 U.S.C. § 1988, does not itself provide a cause of action. Moor v. Alameda Cnty., 411 U.S. 693, 710 (1973); Henderson v. Reyda, 193 F. App'x 392, 397 (6th Cir. 2006); Vaughan v. City of Shaker Heights, No. 1:10-CV-0609, 2011 WL 5966808, at *1 n.2 (N.D. Ohio Aug. 30, 2011), report and recommendation adopted, 2011 WL 5966732 (N.D. Ohio Nov. 28,

2011); Cortis v. City of Coleman, No. 10-13261-BC, 2011 WL 1518901, at *6 (E.D. Mich. Apr. 20, 2011). Accordingly, it is recommended that any claim under 42 U.S.C. § 1988 be dismissed for failure to state a claim. See Walker, 2013 WL 2151713, at *6.

**D. Judicial Immunity**

The court further finds that Person fails to state an actionable claim against Defendant Richard Jennings, the Clerk of the Lauderdale County Circuit Court, as he is entitled to absolute immunity. It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir. 1988). Absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). It is also well established that a clerk of a court issuing an arrest warrant is a judicial function for which absolute immunity attaches. Foster, 864 F.2d at 417 (citing Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988); Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980)). Accordingly, as it appears that Person's claim against Jennings arises from his performance of a judicial

function, and she has alleged no facts that support invoking one of the judicial immunity exceptions, Jennings is entitled to absolute immunity from suit.

**E.    Eleventh Amendment Immunity for State Officials**

Suing a state officer in her official capacity for damages is equivalent to suing the state itself, which is prohibited by the Eleventh Amendment, Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1998), unless the State has waived its immunity, Welch v. Tex. Dep't of Highways & Pub. Transp., 483 U.S. 468, 473 (1987) (plurality opinion), or "unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). In that regard, the Supreme Court has expressly held that the State is not a "person" subject to suit under § 1983, and that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity. Id. at 64, 65. Nor has the plaintiff shown that the State of Tennessee has waived its immunity. Cf. Berndt, 796 F.2d at 881. In short, the federal courts do not have subject-matter jurisdiction over causes of actions against officers of a state who are sued in their official capacity for damages. See Cummings v. Wilkerson, No. 96- 3646, 1998 WL 30803, at *1 (6th Cir. Jan. 23, 1998). Accordingly, to the extent Person brings claims against Trooper Roach in her official capacity, such claims must be dismissed for lack of subject matter jurisdiction.

**F.     Breach of Contract**

In her response in opposition to the motions to dismiss, Person argues that her complaint sets out a "colorable claim for breach of the implied duty of good faith against the Bank of Ripley," and that because breach of contract actions are subject to a six-year statute of limitations in Tennessee, that claim is not time barred. To establish a claim for breach of contract, a plaintiff must show: (1) the existence of an enforceable contract; (2) non-performance amounting to a breach of that contract; and (3) damages caused by the breach. C & W Asset Acquisition, LLC v. Oggs, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007) (citing ARC LifeMed, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)); Thompson v. Am. Gen. Life & Accident Ins. Co., 404 F. Supp. 2d 1023, 1028 (M.D. Tenn. 2005). Person's complaint is devoid of any factual allegations that support any of the elements of a breach of contract claim. In fact, Person's complaint is titled "Complaint for Damages Civil Rights Violations," and does not mention among her causes of action any breach of contract claim. The complaint fails to state a cause of action for breach of contract.

### III. RECOMMENDATION

For the above reasons, it is recommended that Person's

complaint be dismissed in its entirety.[3]

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 11, 2015
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[3] Based on the conclusions above, the court need not address other arguments raised by the defendants in their motions to dismiss.